# REX WHITEHORN & ASSOCIATES, P.C.
### ATTORNEYS AT LAW

Rex Whitehorn

Jonathan M. Cohen
Caesar D. Richbow
Denis Fishman

Of Counsel:
Mark D. Mermel
Dennis M. Reisman

1077 Northern Boulevard
West Wing, Suite 1
Roslyn, New York 11576

Tel.: (516) 829-5000
JC@RWASSOCIATESPC.COM
RW@RWASSOCIATESPC.COM

**Via ECF**

November 21, 2023

Hon. Joan M. Azrack, District Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

Re: *Boris Davidoff and Prospective International Trading Inc. -v- Nassim Siddiqi, Mohamed Amin and Anchor Finance Group, LLC.*
U.S. District Court, Eastern District of New York, Case No. 23-cv-00037
Objection to improper Amended Complaint

Dear Judge Azrack,

Rex Whitehorn & Associates, P.C., attorneys for Defendants Nassim Siddiqi and Anchor Finance Group, LLC, respectfully submits that the Court's Order of November 20, 2023, assumes Plaintiffs' Amended Complaint conforms to FRCP 15. That is not the case.

Defendants were served on April 3rd and April 5th, respectively, as is evident from the Docket and therefore the time to amend the Complaint as of right 21 days after service of the Complaint expired at close of business April 26th. The Plaintiffs' Amended Complaint was filed 5 months, 22 days (175 days) after their time to file an amended complaint had expired.

Additionally, Plaintiffs have not requested consent from the Defendants nor sought permission from the Court to amend the Complaint by way of a proper motion. To be clear, Plaintiffs had not even sought to meet and confer with Defense counsel about their filing an Amended Complaint.

Defendants object to the amending of Plaintiff's Complaint, submit that Plaintiffs have not complied with the statute(s) and that Plaintiffs' Amended Complaint should be treated as a nullity.

FRCP 15(a), entitled "Amendments Before Trial", provides:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), **whichever is earlier**.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. No such permission has been granted, nor has it even been requested.

The response to Plaintiffs' Complaint was filed on May 18th when the Defendants filed a request for a pre-motion conference before making their respective motions to dismiss. Subsequently, when the parties set a briefing schedule, Defendants did not agree to extend Plaintiffs' time to file an amended complaint. Additionally, Defendants would not agree to extend the time to file an amended complaint to a time subsequent to the filing of Defendants' Motion to Dismiss.

The cases cited by the Court, Pettaway v. Nat'l Recovery Sols., LLC, 955 F.3d 299, 303-04 (2d Cir. 2020) and Hayward v. Catholic Health Sys., No. 21-CV-1033-LJV-JJM, 2022 U.S. Dist. LEXIS 7184, (W.D.N.Y. Jan. 13, 2022) are both matters in which an amended complaint was properly and timely filed which is not the case in this matter.

Defendants request that their motion to dismiss proceed as if the Amended Complaint were not filed.

Defendants respectfully request until Tuesday November 28, 2023 to respond to Plaintiffs' latest letter motion.

Sincerely,

REX WHITEHORN & ASSOCIATES P.C.

By: _____
Rex Whitehorn, Esq.

Cc: Chris Rykaczewski, Esq., attorney for Plaintiffs *Boris Davidoff and Prospective International Trading Inc.* via ECF