# REX WHITEHORN & ASSOCIATES, P.C.
### ATTORNEYS AT LAW

REX WHITEHORN

JONATHAN M. COHEN
CAESAR D. RICHBOW
DENIS FISHMAN

OF COUNSEL:
MARK D. MERMEL
DENNIS M. REISMAN

1077 NORTHERN BOULEVARD
WEST WING, SUITE 1
ROSLYN, NEW YORK 11576

TEL: (516) 829-5000
JC@RWASSOCIATESPC.COM
RW@RWASSOCIATESPC.COM

**VIA ECF**

November 27, 2023

Hon. Joan M. Azrack, District Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

    Re:  *Boris Davidoff and Prospective International Trading Inc. -v- Nassim Siddiqi, Mohamed Amin and Anchor Finance Group, LLC.*
          U.S. District Court, Eastern District of New York, Case No. 23-cv-00037
          Response to Plaintiffs' request for pre-motion conference

Dear Judge Azrack,

    Rex Whitehorn & Associates, P.C., attorneys for Defendants Nassim Siddiqi and Anchor Finance Group, LLC, respectfully responds, by this letter, to Plaintiffs' November 20, 2023, letter request for pre-motion conference before filing a motion pursuant to FRCP Rule 42 (to consolidate).

    FRCP Rule 42, entitled "Consolidation; Separate Trials", provides:

        (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
            (1) join for hearing or trial any or all matters at issue in the actions;
            (2) consolidate the actions; or
            (3) issue any other orders to avoid unnecessary cost or delay.

    While in consolidation cases, the Court exercises broad discretion (<u>United States v. Knauer</u>, 149 F.2d 519 (7th Cir. 1945), aff'd, 328 U.S. 654, 66 S. Ct. 1304 (1946), consolidation should be denied where: (1) differing applicable laws, both substantive and procedural, would be prejudicial to a party (<u>Popkin v. Eastern Air Lines, Inc.</u>, 253 F. Supp. 244 (E.D. Pa. 1966); (2) the actions' procedural status vary greatly (<u>Transeastern Shipping Corp. v. India Supply Mission</u>, 53 F.R.D. 204, 1971 U.S. Dist. LEXIS 12432 (S.D.N.Y. 1971); (3) the cases did not involve same or related parties and did not arise out of same transaction, and each case presented distinct facts and clearly

would require submission of different evidence (Banacki v. OneWest Bank, FSB, 276 F.R.D. 567, 2011 U.S. Dist. LEXIS 119906 (E.D. Mich. 2011) or (4) where there exists sufficient facts in one or all matters sought to be consolidated that are not the same because of the likelihood that there would likely be a significant number of motions and discovery issues that would be relevant to only certain parties, that might cause unnecessary delays for unaffected parties (Grigsby v. I-Flow Corp., 264 F.R.D. 264, 2009 U.S. Dist. LEXIS 65306 (E.D. Ky. 2009)).

Defendants respectfully assert that the Plaintiffs' letter request for consolidation that omits the material procedural status of the actions that Plaintiffs' counsel seeks to consolidate be denied. The mere fact that the plaintiffs' counsel is the same in the actions sought to be consolidated and that said actions are against some of the same defendants is not sufficient to overcome the fact that the actions do not regard the same transaction and/or occurrence. The consolidation of the instant action with those put forward by Plaintiffs' counsel would require submission of different evidence and would result in a significant number of motions and discovery issues that would be relevant to only certain parties and cause unnecessary delays for unaffected parties. Again, the purpose of consolidation is to avoid unnecessary cost or delay and not invite it.

Additionally, Plaintiffs' counsel's reference to a third action in Louisiana State Court whether referenced as an additional case sought to be consolidated or to disingenuously persuade this Court by sheer number of alleged cases that 'smoke' equals 'fire' as to the merits of Plaintiffs' case, should not be consolidated with the instant action. The law of Louisiana, based on the Napoleonic Code rather than English common law, is significantly different from that of New York or California and consolidation is likely to prejudice the rights of one of the parties.

Defendants respectfully request that the Court deny Plaintiffs' request to file a motion to consolidate without first requiring Plaintiffs' counsel to provide the Court with the procedural status of each matter, why the transaction and occurrence in those matters are identical to the instant action and why consolidation of a matter from Louisiana, wherein Napoleonic Code governs, would not be prejudiced or prejudice the instant action.

Sincerely,

REX WHITEHORN & ASSOCIATES P.C.

Rex Whitehorn, Esq.

Cc: Chris Rykaczewski, Esq., attorney for Plaintiffs *Boris Davidoff and Prospective International Trading Inc.* via ECF