# Christopher Rykaczewski, Esq.

*Attorney and Counselor-at-Law*
97-77 Queens Blvd., 9th Floor
Rego Park, NY 11374
*Phone: 201-953-4450*
*Fax: 718-897-5667*
*Regoparkattorney@gmail.com*

_____

**November 27, 2023**

**Hon. Joan M. Azrack, District Judge**
**United States District Court**
**Eastern District of New York**
**Long Island Courthouse**
**100 Federal Plaza**
**Central Islip, NY 11722**

Re: *Davidoff and Prospective International Trading Inc . v. Nassim Siddiqi et al.*
No. 23-cv-00037; Objection to Amended Complaint

**Dear Judge Azrack:**

As this Court knows, we represent Plaintiffs Boris Davidoff and Prospective International Trading Inc. in the above captioned action. Please allow this letter to serve as Plaintiffs' response to Defendants' letter of November 21, which objects to Plaintiffs having filed an amended complaint.

It is respectfully submitted that Defendants' contention that Plaintiffs' Amended Complaint was improperly filed is not correct. Defendants further submit that the Court's analysis and application of the case of *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020) was correct in this matter.

Defendants cite FRCP 15(1)(B) as the basis for the Court's purported error, which states:

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

As well, Defendants make the following argument in their letter of November 21, 2023:

> "The response to Plaintiffs' Complaint was filed on May 18th when the Defendants filed a request for a pre-motion conference before making their respective motions to dismiss. Subsequently, when the parties set a briefing schedule, Defendants did not agree to extend Plaintiffs' time to file an amended complaint."

1

However, this argument is flawed because the Second Circuit has consistently held that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not a 'responsive pleading' under Fed. R. Civ. P. 15(a)." See *Reade-Alvarez v. Eltman, Eltman & Cooper P.C.*, 224 F.R.D. 534, 535 (E.D.N.Y. 2004); *Franco III v. Roger Smith, et al.* 2:22-cv-04674 (E.D.N.Y. 2023) ("Defendants' request for a pre-motion conference is likewise [to a motion to dismiss] not a "responsive pleading"). In this matter, an answer, which would have been considered a responsive pleading, was never filed by the Defendants.

Plaintiffs' filed their Rule 12(b)(6) motion to dismiss on October 16, 2023 (ECF # 33) in accordance with a briefing schedule. Plaintiffs filed their Amended Complaint on October 18, 2023 (ECF # 35), which clearly occurred within '21 days after service of a motion under Rule 12(b)' pursuant to FRCP 15(1)(B). It is submitted that the filing was clearly 'as a Matter of Course' pursuant to the statute – and no requirement to meet and confer was therefore required by the parties as was contended by Defendants. As well, there was not any requirement for the Court to grant permission for Plaintiffs to file an Amended Complaint pursuant to the statute.[1]

In terms of the content of Plaintiffs' Amended Complaint, Plaintiffs respectfully submit that the allegations against the instant Defendants in the initial Complaint were not substantively altered by the Amended Complaint. Rather, the Amended Complaint merely amended the Defendant Standard Chartered Bank's role in the matter – and substituted Defendant Citibank, N.A. as a Defendant in place of Defendant Standard Chartered Bank (along with slightly altering the pleadings as specifically regarding the new Defendant, Citibank, N.A.).

Therefore, because Defendants answered this Court's question proactively without conferring with Plaintiffs, Plaintiffs therefore respectfully respond in the same manner, that: (1) the Amended Complaint does not contain new allegations relevant to the Anchor Defendants' motion to dismiss, and therefore (2) the course of action the Plaintiffs recommend the Court take is for the instant motion to dismiss pursuant to Rule 12(b)(6) proceed as before the amendment since the allegations against the Anchor Defendants are not substantively altered.

Accordingly, Plaintiffs request that Defendants requested relief be denied in its entirety.

**Respectfully submitted,**

*/s/ Christopher Rykaczewski*

Christopher Rykaczewski, Esq.
*Attorney for Plaintiffs*

---

[1] Plaintiffs also erroneously filed an Amended Complaint two days earlier on October 14, 2023 (ECF # 32). Because this filing was not *after* Defendants' filing of the Rule 12(b)(6) motion on October 16, 2023, and also occurred greater than 21 days from the filing of Plaintiffs' initial Complaint earlier in 2023, the filing should be a nullity that should have been remedied upon re-filing of the Amended Complaint on October 18, 2023. The Court's Order of October 18, 2023, which stated: '*no action is required by counsel*' (ECF # 35) purported to confirm that.