UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Boris Davidoff and Prospective International Trading, Inc.,
                                    Plaintiffs,

        -against-                             Docket No.: 23-cv-00037

Nassim Siddiqi, Mohamed Amin, Anchor Finance
Group, LLC, Anchor Capital International, LLC,
Citibank, N.A.,
                                    Defendants.
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND FURTHER RELIEF

Rex Whitehorn & Associates, P.C.
Attorneys for Defendants
Nassim Siddiqi, Anchor Finance Group, LLC
and Anchor Capital International, LLC
1077 Northern Boulevard, Suite 1W
Roslyn, New York 11576
(516) 829-5000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Boris Davidoff and Prospective International Trading, Inc.,
                                              Plaintiffs,
             -against-                                     Docket No.: 23-cv-00037

Nassim Siddiqi, Mohamed Amin, Anchor Finance      **REPLY MEMORANDUM OF**
Group, LLC, Anchor Capital International, LLC,      **LAW**
Citibank, N.A.,
                                              Defendants.
------------------------------------------------------------------x

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION

Defendants Nassim Siddiqi, Anchor Finance Group, LLC and Anchor Capital International, LLC (collectively the "Defendants") hereby submit this memorandum of law in further support of the Defendants' motion to dismiss Plaintiffs' Complaint, pursuant to FRCP 12(b)(6) and in response to Plaintiffs' Memorandum of Law in Opposition e-filed on November 17, 2023, without an accompanying affidavit by a person with firsthand knowledge and without exhibits.

### Preliminary Statement

Defendants maintain that Plaintiffs' Amended Complaint should be dismissed pursuant to FRCP 12(b)(6) for failing to state a claim upon which relief can be granted and Defendants incorporate the arguments and law cited in Defendants' Memorandum of Law in Support of Defendants' motion as if restated herein.

The Plaintiffs' Amended Complaint sought to be dismissed is unverified (ECF 35). The Amended Complaint is pled by an attorney without firsthand knowledge. The Amended Complaint makes liberal use of quotation marks and indents to give the appearance of block quotes in a seeming effort to imbue the unsupported allegations a contrived air of credibility that is not warranted.

1

The Plaintiffs' opposition to Defendants' Motion to Dismiss is comprised of an attorney's Memorandum of Law without any accompanying affidavit or exhibit.

It is respectfully submitted that the causes of action are meritless and palpably insufficient as a matter of law and the Amended Complaint should be dismissed.

## **Argument**

I. <u>Plaintiffs' Amended Complaint should be dismissed pursuant to FRCP §12(b)(6)</u>

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, the court accepts the plaintiff's allegations as true. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Further, the court must "draw all reasonable inferences in favor of the plaintiff." *Id.* (*citing Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir.2006)). However, the court need not accept allegations that are merely conclusions of law. *Iqbal*, 556 U.S. at 678.

In <u>Murray v. UPS</u>, No. 20-CV-1427 (MKB), 2022 U.S. Dist. LEXIS 172969, at *25-28 (E.D.N.Y. Sep. 25, 2022), the Court held:

> "When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that [he] believes to be true." <u>Mott v. Cnty. of Monroe</u>, No. 20-CV-6809, 2021 U.S. Dist. LEXIS 96743, 2021 WL 2042623, at *4 (W.D.N.Y. May 21, 2021) (quoting Barrett v. Forest Labs., Inc., 39 F. Supp. 3d 407, 431-32 (S.D.N.Y. 2014))…Indeed, the Second Circuit has explained that the Twombly plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon information and belief in certain circumstances, including where: (1) "the facts are peculiarly within the possession and control of the [opposing party]" or (2) "the belief is based on factual information that makes the inference of culpability plausible." <u>Arista Records LLC</u>, 604 F.3d at 120 (citations and quotation marks omitted)... Some district courts in this Circuit have required that allegations upon

2

information and belief be accompanied by a statement of the facts upon which the belief is founded. See Mott, 2021 U.S. Dist. LEXIS 96743, 2021 WL 2042623, at *4 ("[A]lthough a plaintiff may do so [plead facts upon information and belief]...where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded."

The Plaintiffs' Amended Complaint is comprised of vague conclusory allegations made upon information and belief[1] by the Plaintiffs' attorney in a failed attempt at meeting the pleading requirements for fraud.

In Amos v. Biogen Idec Inc., 28 F. Supp. 3d 164, 172 (W.D.N.Y. 2014), the Court, quoting the Second Circuit, held:

> Typically, allegations of fraud that rest on claims made upon "information and belief" will fail to satisfy Rule 9(b)'s requirement of particularity. DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987)("Rule 9(b) pleadings cannot be based upon information and belief.").

Devoid from Plaintiffs' pleadings are specific allegations detailing: (1) Defendants' material misrepresentation or omission of a fact; (2) that Defendants had knowledge of that fact's falsity; (3) that Defendants had an intent to induce reliance; (4) that Plaintiffs justifiably relied on the alleged misrepresentation, and (5) that as a result of the alleged misrepresentation Plaintiffs were damaged.

Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss repeatedly asserts that Plaintiffs met their burden in pleading by repeating the Plaintiffs' counsel's legal conclusion that they have done so[2].

---

[1] Thirty-nine (39) allegations in the Amended Complaint are entirely premised "Upon information and belief" – specifically paragraphs 6, 7, 8, 26, 27, 29, 30, 31, 32, 33, 35, 48, 51, 80, 81 – 89, 96, 105, 107, 113 – 123, 127, 191 and 192.
[2] Plaintiffs' Memorandum of Law in Opposition: page 12 first full paragraph "Plaintiffs have met their burden by submitting a thorough 40-page complaint"; page 12 last paragraph "Plaintiffs submit that they have devoted a thorough 40-page complaint"

### A. **Plaintiffs' Amended Complaint does not properly plead the elements of fraud**

Defendants respectfully request that this Court examine the allegations in Plaintiffs' Amended Complaint to take note of what is and what is not actually alleged.

For example, drawing the Court's attention to paragraphs 24 and 25 of the Amended Complaint, Plaintiffs plead:

> "24. Defendant Siddiqi's Linkedin page states: "[He] is responsible for all aspects of the firm's international banking, investment strategy, team, and operations across Anchor Group's affiliated global network. Nasim has worked and lived in Asia, the Caribbean, Central & South America, East Africa, and the United States. His working history is mirrored by the wide scope of his international banking, consumer & investment banking that stretch across multiple sectors and geographies…"
>
> 25. Siddiqi, whose expertise Plaintiff Davidoff relied upon, and whose participation in the Project was a substantial factor in Plaintiff Davidoff's decision to invest in the project, had full knowledge of the perils of shipping via the MENA region given his background…"

Plaintiffs plead that Defendant Siddiqi is an investment banker who, during his life, lived in Asia and therefore Plaintiffs concluded that Defendant Siddiqi had full knowledge of the perils of shipping in Asia. It is a bewildering leap of illogic to assume that an investment banker is an expert as to the perils of shipping because said banker lived in a location. It is not plausible or reasonable for a person to rely on an investment banker for shipping expertise no matter where said banker lives unless said banker holds themselves out to be a shipping expert. Defendants did not and do not purport to be experts at shipping.

Page 9, paragraphs 26 through 29, of the Amended Complaint, purporting to be a timeline, vaguely alleges that, [u]pon information and belief, prior to January, 2021, Defendant Siddiqi and Defendant Amin adopted a plan to purchase and distribute medical-grade rubber gloves that were manufactured in South Asia, ship them with the final destination being the United States. Plaintiffs

call this 'plan' the "Siddiqi business plan". Left out of the thorough allegation is actual facts. (i.e. what was the date the plan was adopted? Where were the two Defendants when the plan was adopted? Were the Defendants meeting face to face? Were they speaking over the telephone? Was the plan written down? If the plan was not written down, where is there evidence of a plan? How does Plaintiff know of this plan and when it was adopted?

Paragraph 27, the "timeline", again upon information and belief, alleges that Siddiqi and Amin came to realize that the Siddiqi business plan was "not a safe bet" or a "sure thing" based on shipping issues "in that area of the World". Left from this narrative of creative writing is actual facts. When did this alleged realization happen? How did the realization happen? What was the source of Plaintiffs' belief for this upon information and belief allegation?

Paragraph 28 of the "timeline" (in quotes because there are no dates or times), Plaintiffs Amended Complaint then becomes, at best, a commentary by Plaintiffs' counsel, about exporting difficulties, alleging:

> "As well, importers from that part of the world must deal with bureaucratic minefields, and an uncertain, ever-changing regulatory and tax climate. As a result, companies looking to enter the region must conduct a careful risk analysis. However, Siddiqi and Amin also came to realize that the profit margin for a shipment from that part of the world would be very large if it safely arrived at its destination."

Again, devoid from paragraph 28, are any actual allegations of fact. When did this alleged realization happen? How did the realization happen? What was the source of Plaintiffs' belief for this upon information and belief allegation?

Directing the Court's attention to paragraph 38 of the Amended Complaint. Plaintiffs' allege, "a number of months prior to February, 2021, the individual Plaintiff had worked collaboratively, in an unrelated undertaking in the Island of Antigua, N.A. with Siddiqi and

5

Amin..." The individual Plaintiff does not have knowledge of when the individual Plaintiff was in Antigua in 2021?

### B. Plaintiffs' Memorandum of Law in Opposition fails in meritoriously opposing Defendants' Motion to Dismiss

Plaintiffs' counsel's Memorandum of Law in Opposition, page 13, paragraph "1)" is a factual misrepresentation of what is in Plaintiffs' Amended Complaint, paragraph 25. Defendants respectfully request that the Court refer to Plaintiffs' Amended Complaint, paragraph 25.

Plaintiffs' counsel's Memorandum of Law in Opposition, page 13, paragraph "2" states that Defendant Nasim Siddiqi <u>presented</u> Defendant Mohamed Amin as a highly experienced and reliable shipping, sourcing, quality control, and compliance professional and refers to Plaintiffs' Amended Complaint, paragraph 25. However, Paragraph 25 of the Amended Complaint alleges that Defendant Nasim Siddiqi <u>did not "disclose</u> Amin's gross inexperience in shipping, including sourcing, quality control and compliance." Defendants respectfully request that the Court refer to Plaintiffs' Amended Complaint, paragraph 25.

Plaintiffs' Memorandum of Law in Opposition, filed without an affidavit by a person with firsthand knowledge or any exhibits, that merely recites[3] the vague allegations that are in the Plaintiffs' Amended Complaint fails to prove that the recited pleading is: (1) plausible; (2) has an merit or (3) is factually correct.

Plaintiffs' Memorandum of Law and Plaintiffs' Amended Complaint fails to properly plead or prove that (1) Defendants made a material misrepresentation or omission of a fact; (2) that Defendants had knowledge of that fact's falsity; (3) that Defendants had an intent to induce reliance; (4) that Plaintiffs justifiably relied on the alleged misrepresentation, and (5) that as a

---

[3] Sometimes incorrectly.

result of the alleged misrepresentation Plaintiffs were damaged. Plaintiffs' Memorandum of Law in Opposition, therefore, fails in opposing Defendants' Motion to Dismiss.

Lastly, the request for relief in this matter is $61,595.31, which, upon information and belief, is less than the minimum required for this matter to be entertained by this Court. (28 USC §1332; *see* Amended Complaint, WHEREFORE paragraph 1)

Therefore, Defendants' Motion to Dismiss should be granted in its entirety.

## Conclusion

Based on Plaintiffs failure to properly plead a cause of action against the moving Defendants that is facially plausible said Defendants respectfully request that the Court grant Defendants' Motion to Dismiss and issue an Order: (a) granting dismissal of all claims against the Defendants pursuant to FRCP 12(b)(6); (b) directing entry of judgment thereon; (c) awarding Defendants all of their costs, charges and expenses, including attorney's fees and disbursements and (d) granting Defendants such other and further relief as this Court may deem, just, proper and equitable.

Dated: November 29, 2023
Roslyn, New York

Rex Whitehorn, Esq.